IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES W. AND AMY W. BAKER                                                    PLAINTIFFS

VS.                                                           CIVIL ACTION NO. 1:08cv649LG-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                       DEFENDANT

<u>RESPONSE AND OBJECTIONS TO NOTICE
OF INTENT TO SERVE SUBPOENA (16)</u>

Plaintiffs Charles and Amy Baker objects to the Subpoena Duces Tecum (16) issued for Ted Biddy, plaintiffs, designated expert, to produce records, and things to the defendant office in Jackson, Mississippi. Plaintiffs would show the following, to-wit:

I.

Counsel left a voice mail message on defendants' phone on Thursday, April 9th in attempt to resolve the issues of concern. Not having heard from counsel, plaintiff is required to file the following.

II.

Plaintiff was required to designate their experts on February 15th together with their opinions. Ted Biddy was listed as an expert and his over 10-0 page report was attached. Said report included photographs, diagrams, statements and specific references. These references are available to the defendants as most are public sources. Further they are available to the defendants as to the private sources listed. Therefore the defendant has access and other means to obtain these documents. Defendants have not made a showing that they are unable to obtain these documents or references that are listed in the report.

III.

Defendants are taxing the plaintiffs for the time and expense that the expert would charge to gather these documents by the use of the subpoena. Said defendants have not attempted to make arrangements to pay for said time as required by Rule 26 (b) (4) (C).

IV.

Defendants have requested "3. Complete copies of all publications, presentations, articles, or other written materials that you have authored, in whole or in part, relating to Hurricane Katrina". To require the deponent to produce all his documents on Hurricane Katrina would be expensive, insurmountable, over burdensome, and not relevant to the issues of this lawsuit. For example this would require him to produce all claims that he has investigated pertaining to Hurricane Katrina for the states of Mississippi, Louisiana, and or Texas.

V.

The subpoena Dues Tecum also requires the deponent to produce any all communication between the plaintiffs' attorney and the expert. See Subpoena paragraph 1 and 2 of the requested documents (23). Deponent is requested to produce all e-mails, correspondence, documents, memoranda, notes, and … Again the request is attempting to pierce the work product privilege without a showing of the necessity of said documents. See also Rule 45 (c).

VI.

The subpoena issued requires the deponent who resides near Tallahassee, Florida, to produce documents to the law offices of the defense counsel in Jackson, Mississippi. Without a showing of a substantial need of needing these documents the non-resident deponent should not be required to honor the subpoena that goes beyond this State's boundaries.

VII.

While the defendant has the right to take this trial expert's deposition under Rule 26 after the report is given, they should not be allowed to obtain these documents under this subpoena as the plaintiff will not be allowed to be present at the production.

VIII.

Plaintiffs request that the subpoena be quash or modified to limit or modify the subpoena and that the documents be produce at a deposition when the defendant has also made arrangements to compensate the deponent.

THIS 16th day of April, 2009.

/s/ Chuck McRae
_____
CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
P. O. BOX 565
RIDGELAND, MS 39158
601.944.1008
866.236.7731

CERTIFICATE OF SERVICE

I, Chuck McRae, attorney for plaintiffs do hereby certify that I have this day filed the above and foregoing Amended Notice of Service with the clerk of this court using the EFC system which sent notification of the filing to all attorneys of record including:
Janet D. McMurtray, Esq.
jmcmurtray@watkinsludlam.com
WATKINS LUDLAM WINTER & STENNIS, P.A.
P. O. Box 427
Jackson, MS 39205
THIS 16th day of April, 2009.

/s/ Chuck McRae
_____
CHUCK McRAE, MSB #2804