IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES W. AND AMY W. BAKER**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 1:08CV649-LTS-RHW**

**NATIONWIDE MUTAL**
**FIRE INSURANCE COMPANY**     **DEFENDANT**

## MOTION TO COMPEL OR LIMIT TESTIMONY

COMES NOW Chuck McRae as counsel of record for and on behalf of the Plaintiffs, Charles W. and Amy W. Baker, in the above styled cause and moves the Court to compel the defendant, Nationwide, to produce their investigator/employee, Robert A. Brodie, Jr., for a deposition that had been agreed upon over a month ago by the defendant's counsel, Hall Bailey. In the alternative, the plaintiffs request that the defendant not be allowed to use any of the employee's documents, reports, or testimony for any hearing, motion or for trial. Plaintiffs would show as follows, to-wit:

1.

Plaintiffs' counsel and defense counsel had been discussing the dates for various depositions of witnesses and parties for both sides. Plaintiffs had requested only three depositions, Robert A. Brodie, 30 (b) (6) Representative, and Warren Goff, their agent. The defendant had requested at least 6 depositions including the plaintiffs' expert, Ted Biddy. Arrangements and dates were agreed upon for everyone except Robert A. Brodie. After the death of defense counsel's father, all depositions have been taken within the discovery time frame.

2.

Plaintiffs again re-noticed the deposition for February 28, 2010 or some agreeable date. Hall Bailey again said that he would get an agreeable date for the deposition; however, no date has been given. As Nationwide began taking the depositions of the plaintiffs and their expert, inquiries were again made as to when will Brodie be produced. Each time

assurances were given by defense counsel that he would get a date for the deposition. To this date none has been given.

3.

Plaintiffs would show at the taking of the 30 (b) (6) Representative, Charles Higley, that he heavily relied on the reports, photos and investigation of Robert Brodie. Plaintiffs cannot ascertain the truthfulness, accuracy, or qualification of Brodie and or the "evidence" that he obtained. Plaintiffs request that neither Brodie nor any of his "investigation", reports or documentation be allowed for any motion, hearing or trial since Nationwide has willfully misled the plaintiffs and failed to produce their investigator/employee, Robert Brodie. Nationwide should be estopped from using any of his materials.

4.

Plaintiffs have detrimentally relied upon the representations that Brodie would be produced and has now apparently lost the chance to place him under oath and confront him as to his qualifications, investigation, and "evidence" that Nationwide has used in denying the claims of the Bakers.

Irreparable harm will occur if the relief requested above is not granted.

        Respectfully submitted,
        CHARLES W. AND AMY W. BAKER,
        Plaintiffs

BY: /s/ Chuck McRae
        CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS. 39201
chuck@msjustice.net
601.944.1008
866.236.7731

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the foregoing with the

Clerk of the Court using the ECF system which sends notification of such filing to all counsels of record including the following:

**Janet McMurtray**
**F. Hall Bailey**
**Watkins Ludlam Winter & Stennis, P.A.**
**P.O. Box 427**
**Jackson, MS 39205**
**601-949-4816**
**Fax: 601-949-4804**

            By: _/s/Chuck McRae_____
            CHUCK McRAE, MSB #2804