**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PLAINTIFFS**

**CHARLES W. AND AMY W. BAKER**

**CIVIL ACTION NO.  1:08CV649-LTS-RHW**

**VS.**

**NATIONWIDE MUTAL**
**FIRE INSURANCE COMPANY**                                          **DEFENDANT**

**MOTION FOR A PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF**
**WHETHER A HURRICANE EXISTED AND THAT UNDER THE EFFICIENT**
**PROXIMATE CAUSE CLAUSE FOR THE BAKER LOSSES ARE WIND AND**
**THAT THE ANTI-CONCURRENT CLAUSE IS INVALID IN THIS CASE AS WIND**
**CAUSED THE TOTAL LOSSES UNDER THE THREE SEPARATE CONTRACTS**
**OF THE "ALL PERIL INSURANCE CONTRACT**

COMES NOW Chuck McRae as counsel of record for and on behalf of the Plaintiffs,

Charles W. and Amy W. Baker, in the above styled cause and moves the Court for a Partial

Summary Judgment on the following issues to which the  Plaintiffs would show as follows:

**FACTS**

Hurricane Katrina hit the City of Pascagoula, Jackson County, Mississippi, on

August 28 through the 30th, 2005, with winds occurring beyond 125 mph and may have

reached over 150 mph. The national Hurricane Center declared it a hurricane on or before

August 28, 2005, the last hurricane watch declared by the National Hurricane Center

occurred on the 30th of August. Under the Baker insurance contract (NWBAKC000239)  a

hurricane is defined as a storm system declared to be a hurricane by the National Hurricane

Center and ending 72 hours after the last hurricane watch issued by  the National Hurricane

Center. The Bakers had to leave their residence due to the hurricane being declared and

stayed in a motel In Panama City Florida. Expenses for the motel and food were incurred

along with the mileage to and from Florida. The civil authorities would not allow any

residents to return for over 5 days. The house was destroyed by the hurricane and wind peril.

An all peril claim under the policy was properly made to Nationwide within in

approximately two weeks of the hurricane. The adjuster visited the scene and only declared

that approximately 7,000 dollars occurred under the policy as a result of the wind peril. No time frame by Nationwide was determined as to when the wind damage occurred. After the rest of the lost was denied by Nationwide, the Bakers applied for a SBA loan and subsequently a FEMA grant. Both agencies declared that their dwelling was a total loss. Two contractors looked at the home and said that it was a total loss. Subsequent thereto the house was placed on a list for the Corp of Engineers to demolish. In April, 2006 the home was torn down by the Corp.  Later in 2007 another home was built.  In April, 2007, the bakers employed Ted Biddy to investigate the loss. He determined that the home was totally destroyed by wind many hours before any rising water gradually came. Nationwide ignored his report and never had any structural engineers or anyone re-valuate the claims.  Then when the Bakers have their attorney contact them and without any further investigation, Nationwide raised its reserves to $89,600.  Higley, the 30 (b) (6) representatives said this is what they expect to pay by a jury, judge, or settlement. After suit was filed and mediation occurred Nationwide only offered $20,000 with a reserve of $89,600.  Four and a half years later and on the eve of the 30 (b) (6) representative's deposition, it was announced that Nationwide owed the content loss in the refrigerator of $150; however, they were un-decided as to whether they owed any interest.  Trial is scheduled for June, 2010.  Trial is scheduled for June, 2010.

## ISSUES

### 1.

Plaintiffs would show at the taking of the 30 (b) (6) Representative, Charles Higley, on March  4, 2010,  admitted since the food was destroyed in the refrigerator, that Nationwide owed the content loss of $150 due to power interruption since it was clearly covered under the contract terms. Plaintiff would show that interest should be applied since it was cleared from the very beginning at the rate of 8% until paid. Plaintiffs move for a partial summary judgment on the content loss in the amount of $150 plus interest from the date of the August 29, 2005 until paid. (Portions of the deposition transcript concerning the admissions will be submitted upon receipt if necessary. Plaintiff counsel is waiting for the transcript.)

### 2.

This Court should declare through judicial notice that Hurricane Katrina was declared by the National Hurricane Center to be a hurricane on August 28, 2009, when

winds reached over 75 mph hitting Jackson County, Pascagoula, Mississippi, where the Bakers lived at 1106 Shepard Avenue and in the early morning hours of August 29, 2005, where winds exceeded 125 mph. It ended some time on the morning of August 30th. See also the affidavit of George Sholl, director for the Jackson County Emergency Communication District. The winds peaked above 137 mph passing over the Baker property. The Bakers made claims approximately ten days later under their "all peril" insurance contract for loss to their dwelling, outside dwelling contents and extended living expense. While admitting that wind peril came first, Nationwide in their investigation and decisions concerning the Baker claims never determined the amount or type of wind that hit the Baker residence in 2005, 2006, 2007, or2008. See deposition of Higley, 30(b) (6) representative. Partial Summary Judgment should be granted on the issue that Hurricane Katrina occurred commencing on the afternoon of August 28, 2005, when the winds reached 75 mph and continued through August 29, 2005, with winds in access of 125 mph hitting the Baker residence. Further the Bakers made claims under the all risk insurance contract in a timely and proper manner. See also deposition of the 30 (b) (6) Representative, Charles Higley, who so stated.

3.

In citing Section I paragraph (g) Intentional Acts (NW-BAKC000242), Nationwide through its counsel, Hall Bailey, in the deposition taken of Charles Baker accused him of intentionally causing the total destruction of his home when he did not object to the Corp of Engineers tearing down their home in April, 2006, because it was determined to be a total loss. Partial Summary judgment should be granted stating that the exclusion under Section I paragraph (g) is not applicable as the 30 (b) (6) Representative, Charles Higley, stated that it was not applicable in this case. Section I paragraph (g) states:

**Intentional Acts, meaning loss resulting from an act committed by or at the direction of an insured that may reasonably be expected to result from such acts, or is the intended result from such acts. Intentional acts include criminal acts. Such acts exclude coverage for all insureds.**

(Plaintiffs do not have the transcript of Charles Higley deposition taken on March 4th, but will submit excerpts upon receipt.)

4.

Partial Summary Judgment should be granted on that portion of the policy

**Coverage D- Loss of Use paragraph (3) which states:**

**We cover, subject to the coverage limit which is the total limit, all of the following:**

**…3. Prohibited Use. If a civil authority prohibits your use of the residence premises because of direct damage to neighboring premises by a peril insured against in this policy, we will pay the resulting loss, for up to two weeks while use is prohibited, for:**

**a) Additional Living Expense**

In the depositions of the Bakers they testified that they left Pascagoula as it was announced that evacuations was ordered and they went to Panama City and stayed at a motel incurring the expenses of food and motel charges. Charles Baker came back approximately 5 days later after the authorities finally permitted residents to return; however, Amy Baker and the children stayed for another week incurring additional living expenses. Partial Summary Judgment should be granted for the reasonable living expenses of the motel and food while the insureds stayed in Panama City, Florida as per Coverage D- Loss of Use as the civil authorities after it being declared a hurricane covering the neighboring premises and the Baker premises and not allowing them back. Nationwide has admitted that the peril "wind" did some damage to the Baker property. The Nationwide policy does not preclude recovery for hurricane loss where the efficient proximate cause is a covered event.

## EXHIBITS

In support plaintiffs rely on the following exhibits in support of said motion and reserve the right to attached excerpts and exhibits from the depositions of Charles Higley, 30 (b) (6) representative, Warren Goff, agent for Nationwide, Charles and Amy Baker, Nationwide Homeowners policy attached as Exhibit D-5 and affidavit of George Stoll, and Portions of Ted Biddy report of April 11, 2007.

**Exhibit 1 Deposition of Charles Higley Will insert upon receipt**
**Exhibit 2 Deposition of, Charles and Amy Baker**
**Exhibit 3 Nationwide Homeowners policy attached as Exhibit D-5**
**Exhibit 4 Affidavit if George Stoll**
**Exhibit 5 Portions of Ted Biddy report of April 11, 2007 and a portion of the deposition excerpts when the deposition is received.**

WHEREFORE, PREMISES CONSIDERE, Plaintiffs respectfully requests this Court enter its order granting Plaintiffs Motion for Partial Summary Judgment as set forth herein. Plaintiffs pray for such other and further relief as may be deemed appropriate.

4

THIS the 23rd day March, 2010.

Respectfully submitted,

CHARLES W. AND AMY W. BAKER,
Plaintiffs

BY: _____

CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS.39201
chuck@msjustice.net
601.944.1008
866.236.7731

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sends notification of such filing to all counsels of record including the following:

**Janet McMurtray**
**F. Hall Bailey**
**Watkins Ludlam Winter & Stennis, P.A.**
**P.O. Box 427**
**Jackson, MS 39205**
**601-949-4816**
**Fax: 601-949-4804**

By: _/s/Chuck McRae_____
CHUCK McRAE, MSB #2804

5