IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES W. AND AMY W. BAKER**                                              **PLAINTIFFS**

v.                                                      Civil Action No. 1:08cv649-LTS-RHW

**NATIONWIDE MUTUAL FIRE**                                                   **DEFENDANT**
**INSURANCE COMPANY**

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S MOTION
FOR JUDGMENT THAT NO GENUINE DISPUTE OF FACT EXISTS
ABOUT WEATHER CONDITIONS AT PLAINTIFFS'
PROPERTY DURING HURRICANE KATRINA

Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), by and through its attorneys of record, moves this Court for judgment as a matter of law that no genuine dispute of fact exists about weather conditions at Plaintiffs' property during Hurricane Katrina:

1. On February 11, 2009, Plaintiffs disclosed their expert witnesses under Fed. R. Civ. P. 26(B)(2). (*See* Feb. 11, 2009 Pls.' Designation of Expert Witnesses [Dkt. 8].) They disclosed a single expert witness, Ted Biddy, who was "designated as an expert having general knowledge in the field of civil engineering . . . coastal engineering, construction and post-storm damage assessment." (*Id.*) Mr. Biddy's curriculum vitae contains no qualifications or education related to meteorology, (*id.* at 8-4), nor does Mr. Biddy profess to be qualified to offer meteorological opinion testimony. (Mar. 1, 2010 Deposition of Ted L. Biddy 40, 43 ("Q: Do you hold yourself out as a meteorologist? . . . No I do not. . . . Q: You are not a trained meteorologist are you? A: No Of course not.") (Ex. 1).) Indeed, Mr. Biddy candidly acknowledged that "I'm not a meteorologist and don't do meteorology work." (*Id.* at 56.)

2. Nevertheless, Mr. Biddy intends to testify that Plaintiffs' property sustained 125 mph wind guests during Hurricane Katrina that he arrived at by using "the median of the wind speeds reported by AccuWeather" for the area. (Apr. 11, 2007 Forensic Eng'g Study of

Damages by Ted L. Biddy at 7-8 ("Biddy Report") (Ex. 2). *See also id.* at 29 (offering meteorological conclusions in opinions labeled A-F).)

3.  On May 1, 2009, Nationwide disclosed its experts under Fed. R. Civ. P. 26(B)(2). (*See* May 1, 2010 Defendant's Designation of Experts [Dkt. 28].) Nationwide designated three individuals to provide expert meteorological opinion testimony, (*id.*), and sent a report outlining the opinion testimony to be offered. (May 1, 2010 KKAI Meteorological Analysis of Hurricane Katrina Wind and Storm Tide (Ex. 3).) The primary author of that report, Brian Jarvinen, was a leader in storm surge analysis for the National Hurricane Center for decades before retiring just before Hurricane Katrina and is recognized as one of the leading experts in hurricane storm surge flooding. (*See* Jarvinen Curriculum Vitae (Ex. 4).) In his report, Jarvinen explains the meteorological data and meteorological methodology and analysis employed to reach the following conclusions:

> [O]ur estimate of the maximum sustained 1-minute wind speed at the Baker site is 80 mph that occurred around 0920 CDT on 29 August. . . .
>
> [W]e estimate the highest 3-second gust at the Baker site was about 105 m.p.h. and occurred about the same time as the maximum sustained wind, 0920 CDT on August 29, 2005. . . .
>
> Based upon these measurements, our estimate of the maximum storm tide at the Baker site is 17.7 feet above NAVD88. . . .
>
> [W]e estimate that the storm tide flood level reached the 12 to 13 foot floor elevation of the baker residence about 0900 CDT. At this time the wind was nearing its maximum value of 80 mph. The water level continued to rise during the next 2 hours and reached its maximum height of 17.7 feet above NAVD88 about 1100 CDT. This is about 4.7 to 5.7 feet above the level of the floor. The water remained above the floor level for about 4 hours.

(Meteorological Analysis at 9, 10, 11.)

4.  Nationwide separately moves this Court to dismiss this lawsuit in its entirety. But if "summary judgment is not rendered on the whole action" this Court "should … determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d)(1). This rule serves the

laudatory goal "to root out, narrow, and focus the issues, if not resolve them completely" — goals that work "to the advantage of the litigants, the courts, [and] those waiting in line for trial." *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

5. To create a jury question, Plaintiffs cannot simply invite the jury to disbelieve evidence that Defendant has offered. Instead, for Plaintiffs "to create a jury question" on this issue "there must be a dispute in the substantial evidence, that is, evidence which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Sobley v. Southern Natural Gas Co.*, 302 F.3d 325, 336 (5th Cir. 2002).

6. Given the undisputed expert testimony about the weather conditions at the Bakers' property, there is no evidence by which reasonable and fair-minded men in the exercise of impartial judgment could conclude that sustained wind speeds at Plaintiffs' property exceeded 80 m.p.h. or that 3-second gusts exceeded 105 m.p.h. at Plaintiffs' property. Because there is no evidence to the contrary, this Court must accept, as a matter of law, that no evidentiary dispute exists as to the weather conditions at Plaintiffs' property during Hurricane Katrina.

7. Because relevant legal authorities have been provided in the Motion itself, Nationwide respectfully requests that the Court waive its usual requirement that a separate memorandum of authorities to be filed. *See* L.U. Civ. R. 7.2.

8. In further support of its Motion, Nationwide attaches and incorporates by reference the following exhibits:

| | | |
|---|---|---|
| Exhibit 1: | Mar. 1, 2010 Deposition of Ted Biddy |
| Exhibit 2: | Apr. 11, 2007 Forensic Eng'g Study of Damages by Ted L. Biddy |
| Exhibit 3: | May 1, 2010 KKAI Meteorological Analysis of Wind & Storm Tide |
| Exhibit 4: | Brian Jarvinen Curriculum Vitae |

This the 22nd day of March, 2010.

          Respectfully submitted,
          NATIONWIDE MUTUAL FIRE INSURANCE
          COMPANY, Defendant

          By ItsAttorneys,
          WATKINS LUDLAM WINTER & STENNIS P.A.

By:   */s/ F. Hall Bailey*
      F. Hall Bailey
      hbailey@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS  39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804


Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Thomas A. Clare, P.C. (Bar No. 44718)
Christian D.H. Schultz (Bar No. 44747)
Robert B. Gilmore (Bar No. 44997)
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC  20005
(202) 879-5000 (Telephone)
(202) 879-5200 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Charles R. McRae
>P.O. Box 33
>Jackson, MS 39205
>601-906-1008
>Email: crmcrae@bellsouth.net

This the 22nd day of March, 2010.

>By:   /s/ F. Hall Bailey
>      F. Hall Bailey
>      hbailey@watkinsludlam.com