**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

                                                        **PLAINTIFFS**

**CHARLES W. AND AMY W. BAKER**

                                    **CIVIL ACTION NO.  1:08CV649-LTS-RHW**

**VS.**

**NATIONWIDE MUTAL
FIRE INSURANCE COMPANY**                            **DEFENDANT**

## MOTION FOR PARTIAL SUMMARY JUDGMENT ON
## THE ISSUE OF THE ANTI-CONCURRENT CAUSE CLAUSE

COMES NOW the Plaintiffs, by and through counsel of record, and files this their

Motion for Partial Summary Judgment on the Issue of the Anti-Concurrent Cause and for cause

would show unto the Court the following, to-wit:

Plaintiff seeks partial summary judgment on the following issues of law:

1. The water damage exclusion purporting to exclude concurrent or sequential
   contributing causes is ambiguous and therefore void as to hurricane losses.

2. The Mississippi Supreme Court has decided in Corban v USAA No.2008-IA-
   00645 –SCT on 10/08/09 that an insurance company cannot exclude losses caused
   by wind merely because water later impacted the property or to alter contract law
   requiring an insurer to prove what part of the loss was caused by an excepted
   event.

3. In the Nationwide "all risk" homeowners' policy containing an anti-concurrent
   cause clause as part of its exclusion, the insurance company must establish
   causation of that part of the loss that is asserted to be excluded.

4. The Fifth Circuit Court of Appeals erred in its "Erie-guess" in Leonard and
   Tuepker that under Mississippi insurance contract law "indivisible damage" caused

by both wind and water in a hurricane is excluded under the contract terms of Plaintiffs' policy and cannot now be applied to this case.

5. While this Court has applied a ruling in Bossier v. State Farm Fire and Casualty Co., No. 1:08CV408-LTS-RHW (S.D. Miss.) (10/09/2009) to a similar Motion on Anti Concurrent Clause, this Court should grant a partial Summary Judgment herein as the defendant has not considered, in denying coverage to the claims made, that wind destroyed the dwelling and personal property before any alleged rising water. See Deposition of Charles Higley that will be attached upon receipt.

6. The Nationwide insurance policy does not preclude recovery for hurricane loss where the efficient proximate cause is a covered event.

7. The anti-concurrent cause clause does not apply to this case has not in 2005 through the present has not shown that wind did not destroy the residence of the plaintiffs.

## EXHIBITS

In support hereof, Plaintiff relies on the Memorandum in Support of Motion for Partial Summary Judgment along with the following exhibits in support of said motion:

**Exhibit A:** Decision in Corban v. USAA, Mississippi Supreme Court No. 2008-IA-00645-SCT. (10/08/09)
**Exhibit B:** Excerpts of Charles Higley, 30 (b)(6) Representative.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter its order granting Plaintiff's Motion for Partial Summary Judgment as set forth herein. Plaintiff prays for such other and further relief as may be deemed appropriate.

THIS the 22nd day of March, 2010.

Respectfully submitted,
CHARLES W. AND AMY W. BAKER,

Plaintiffs
BY: s/s Chuck McRae
CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS  39201
601.944.1008
866.236.7731
chuck@msjustice.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Janet McMurtray
F. Hall Bailey
Watkins Ludlam Winter & Stennis, P.A.
P.O. Box 427
Jackson, MS 39205
601-949-4816
Fax: 601-949-4804
Email: jmcmurtray@watkinsludlam.com
        hbailey@watkinsludlam.com

By: /s/Chuck McRae_____
CHUCK McRAE, MSB #2804
chuck@msjustice.net
416 AMITE STREET
JACKSON, MS  39201
Office: 601.944.1008
Fax: 866.236.7731

3