IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES W. AND AMY W. BAKER**                                  **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 1:08CV649-LTS-RHW**

**NATIONWIDE MUTAL**
**FIRE INSURANCE COMPANY**                                       **DEFENDANT**


**<u>MEMORANDUM IN SUPPORT OF THE MOTIONS FOR A PARTIAL SUMMARY JUDGMENTWINDSTORM PERIL(108), ANTI-CURRENT(107) AND MOTION FOR A PARTIAL SUMMARY JUDGMENT(104) ON THE ISSUES OF WHETHER A HURRICANE EXISTED AND THAT UNDER THE EFFICIENT PROXIMATE CAUSE CLAUSE FOR THE BAKER LOSSES ARE WIND AND THAT THE ANTI-CONCURRENT CLAUSE IS INVALID IN THIS CASE AS WIND CAUSED THE TOTAL LOSSES UNDER THE THREE SEPARATE CONTRACTS OF THE "ALL PERIL" INSURANCE CONTRACT</u>**

COMES NOW Chuck McRae as counsel of record for and on behalf of the Plaintiffs, Charles W. and Amy W. Baker, in the above styled cause and files this memorandum in Support of the Motions for a Partial Summary Judgment as stated above on the following issues to which the Plaintiffs would show as follows:

**FACTS**

Hurricane Katrina hit the City of Pascagoula, Jackson County, Mississippi, on August 28 through the 30th, 2005, with winds occurring beyond 125 mph and may have reached over 150 mph. The national Hurricane Center declared it a hurricane on or before August 28, 2005, the last hurricane watch declared by the National Hurricane Center occurred on the 30th of August. Under the Baker insurance contract (NWBAKC000239) a hurricane is defined as a storm system declared to be a hurricane by the National Hurricane Center and ending 72 hours after the last hurricane watch issued by the National Hurricane Center. The Bakers had to leave their residence due to the hurricane being declared and stayed in a motel In Panama City Florida. Expenses for the motel and food were incurred along with the mileage to and from Florida. The civil authorities would not allow any residents to return for over 5 days. The house was destroyed by the hurricane and wind peril.

An all peril claim under the policy was properly made to Nationwide within in approximately two weeks of the hurricane. The adjuster visited the scene and only declared that approximately $7,000 dollars of damage occurred under the policy as a result of the wind peril. No time frame by Nationwide was determined as to when the wind damage occurred. After the rest of the lost was denied by Nationwide, the Bakers applied for a SBA loan and subsequently a FEMA grant. Both agencies declared that their dwelling was a total loss. Two contractors looked at the home and said that it was a total loss. Subsequent thereto the house was placed on a list for the Corp of Engineers to demolish. In April, 2006 the home was torn down by the Corp. Later in 2007 another home was built. In April, 2007, the bakers employed Ted Biddy to investigate the loss. He determined that the home was totally destroyed by wind many hours before any rising water gradually came. Nationwide ignored his report and never had any structural engineers or anyone re-evaluate the claims. Then when the Bakers had their attorney contact them and without any further investigation, Nationwide raised its reserves to $89,600. Higley, the 30 (b) (6) representative said this is what they expect to pay by a jury, judge, or settlement. After suit was filed and mediation occurred Nationwide only offered $20,000 with a reserve of $89,600. Four and a half years later and on the eve of the 30 (b) (6) representative's deposition, it was announced that Nationwide owed the content loss in the refrigerator of $150; however, they were undecided as to whether they owed any interest. Trial is scheduled for June, 2010.

**MOTION FOR PARTIAL SUMMARY JUDGMENT (104) ON ISSUES**

**ISSUES**

1.

Plaintiff is entitled to a judgment as to coverage of content loss of food that was destroyed in the refrigerator as it is a specific loss under the policy. The insurance contract states under **Additional Coverages… 10. Refridgerated Property.** If a power interruption occurs, off the residence premises, we will pay up to a maximum of $500 for loss of contents on a freezer or refrigerator due to temperature changes. … (Exhibit 3 NWBAKC000248).

Plaintiffs would show at the taking of the 30 (b) (6) Representative, Charles Higley, on March 4, 2010, admitted that food in the Bakers' refrigerator was destroyed. Since the food was destroyed in the refrigerator that Nationwide owed the content loss of $150 due to power interruption since it was clearly covered under the contract terms. Plaintiff would show that interest should be applied since it was clear, from the very beginning, at the rate of 8% until paid. Plaintiffs move for a partial summary judgment on the content loss in the amount of $150 plus interest from the date of the August 29, 2005 until paid. (Portions of the deposition transcript concerning the admissions will be submitted upon receipt if necessary. Plaintiff counsel is waiting for the transcript.)

2.

This Court should declare through judicial notice that Hurricane Katrina was declared by the National Hurricane Center to be a hurricane on August 28, 2005, when winds reached over 75 mph hitting Jackson County, Pascagoula, Mississippi, where the Bakers lived at 1106 Shepard Avenue and in the early morning hours of August 29, 2005, where winds exceeded 125 mph. It ended some time on the morning of August 30th.

See also the affidavit of George Sholl, director for the Jackson County Emergency Communication District. The winds peaked above 137 mph passing over the Baker property. The Bakers made claims approximately ten days later under their "all peril" insurance contract for loss to their dwelling, outside dwelling contents and extended living expense. While admitting that wind peril came first, Nationwide in their investigation and decisions concerning the Baker claims never determined the amount or type of wind that hit the Baker residence in 2005, 2006, 2007, or 2008. See deposition of Higley, 30(b) (6) representative. Partial Summary Judgment should be granted on the issue that Hurricane Katrina occurred commencing on the afternoon of August 28, 2005, when the winds reached 75 mph and continued through August 29, 2005, with winds in access of 125 mph hitting the

3

Baker residence. Further the Bakers made claims under the all risk insurance contract in a timely and proper manner. See also deposition of the 30 (b) (6) Representative, Charles Higley. Plaintiffs are entitled to a partial summary judgment in that winds exceeding hurricane force hit the plaintiffs' property first under the all peril policy. In taking the deposition of the Nationwide representative, he stated that the Dickinson v Nationwide (1:06cv00198) order was a single judge decision and only applied to that case and not this one. Now that Corban v USAA, No:2008-IA- 000645 has been decided and adopted the Dickinson ruling and rejected the broad exclusion interpretation by Nationwide, this Court should grant a partial summary judgment as to the wind being a covered peril and that it struck the Baker premises first. There is no contest as to this as Nationwide's representative admitted that the wind came first and they had no basis for the amount or force of wind and that they could not determine how much water came in the house from the roof leaks and hole in the ceiling.

3.

In citing Section I paragraph (g) Intentional Acts (NW-BAKC000242), Nationwide through its counsel, Hall Bailey, in the deposition taken of Charles Baker accused him of intentionally causing the total destruction of his home when he did not object to the Corp of Engineers tearing down their home in April, 2006, because it was determined to be a total loss. Partial Summary judgment should be granted stating that the exclusion under Section I paragraph (g) is not applicable as the 30 (b) (6) Representative, Charles Higley, stated that it was not applicable in this case. Section I paragraph (g) states:

**Intentional Acts, meaning loss resulting from an act committed by or at the direction of an insured that may reasonably be expected to result from such acts, or is the intended result from such acts. Intentional acts include criminal acts. Such acts exclude coverage for all insureds.**

(Plaintiffs do not have the transcript of Charles Higley deposition taken on March 4th, but will submit excerpts upon receipt.)

The admission by Nationwide's representative that the destruction of the Baker home six months later by the Corp of Engineers was not an intentional act by the Plaintiffs is sufficient proof to grant this partial summary judgment.

4.

Partial Summary Judgment should be granted on that portion of the policy

**Coverage D- Loss of Use paragraph (3) which states:**
**We cover, subject to the coverage limit which is the total limit, all of the following:**
**…3. Prohibited Use. If a civil authority prohibits your use of the residence premises because of direct damage to neighboring premises by a peril insured against in this policy, we will pay the resulting loss, for up to two weeks while use is prohibited, for:**
**a) Additional Living Expense**

In the depositions of the Bakers they testified that they left Pascagoula as it was announced that evacuations were ordered and they went to Panama City and stayed at a motel incurring the expenses of food and motel charges. Charles Baker came back approximately 5 days later after the authorities finally permitted residents to return; however, Amy Baker and the children stayed for another week incurring additional living expenses. Partial Summary Judgment should be granted for the reasonable living expenses of the motel and food while the insureds stayed in Panama City, Florida as per Coverage D-Loss of Use as the civil authorities after it being declared a hurricane covering the neighboring premises and the Baker premises and not allowing them back. Nationwide has admitted that the peril "wind" did some damage to the Baker property. The Nationwide policy does not preclude recovery for hurricane loss where the efficient proximate cause is a covered event.

5

Nationwide should be liable for these damages as the policy is clear that it will cover up to two weeks for expenses when the insureds are prohibited by a **civil authority the use of the residence premises because of direct damage to neighboring premises by a peril insured against in this policy.** There is no dispute that a hurricane occurred and direct damage occurred to the neighboring. The two weeks of additional living expenses are a covered claim and partial summary judgment should be grated on this issue.

## THE MOTION FOR A PARTIAL SUMMARY JUDGMENT ON THE ANTI-CONCURRENCE CLAUSE (107)

As to the Motion for a Partial Summary Judgment on the Anti-concurrence clause and Nationwide's broad interpretation of its exclusion for the years 2005 through the present, Nationwide never investigated the claims based on the sequence of which came first wind or water. In denying the claims under the all peril policy in 2005, 2006, 2007 and 2008, Nationwide never obtained any weather data to determine when the alleged water damage occurred or if it came after the wind damage. The anti-concurrence clause has been decided by Corban v. USAA and Dickinson v Nationwide and the burden is on the defendant to prove its exclusion at the time of the denial. They have failed and partial summary judgment should apply.

## THE MOTION FOR PARTIAL SUMMARY JUDGMENT (108) WINDSTORM PERIL

As to the Motion for Partial Summary Judgment (108) Windstorm Peril, Nationwide admitted that Wind was a covered claim and that they paid a portion of it, however, it could not tell when it occurred. They stated that it occurred during the hurricane. At the time of the Higley (Nationwide Rep) deposition occurred he stated so, and that it was their belief they had paid it all but could not tell why, how, or when it occurred. Further with **Corban v. USAA and Dickinson v Nationwide, supra,** windstorm has been established as the peril

under the policy and there remains only the proof, if any, by Nationwide that excludes the total loss to the home and additional living expense.

WHEREFORE, PREMISES CONSIDERE, Plaintiffs respectfully requests this Court enter its orders granting Plaintiffs Motions for Partial Summary Judgment as set forth herein. Plaintiffs pray for such other and further relief as may be deemed appropriate.

THIS the 23rd day March, 2010.

                    Respectfully submitted,
                    CHARLES W. AND AMY W. BAKER,
                    Plaintiffs

                    BY:  s/s Chuck McRae
                    CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS.39201
chuck@msjustice.net
601.944.1008
866.236.7731

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sends notification of such filing to all counsels of record including the following:

**Janet McMurtray**
**F. Hall Bailey**
**Watkins Ludlam Winter & Stennis, P.A.**
**P.O. Box 427**
**Jackson, MS 39205**
**601-949-4816**
**Fax: 601-949-4804**

THIS the 23rd day March, 2010.

                    By: _/s/Chuck McRae_____
                    CHUCK McRAE, MSB #2804