IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES W. AND AMY W. BAKER**  **PLAINTIFFS**

**VS.**  **CIVIL ACTION NO. 1:08CV649-LTS-RHW**

**NATIONWIDE MUTAL
FIRE INSURANCE COMPANY**  **DEFENDANT**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO (105) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT THAT NO GENUINE DISPUTE OF FACT EXISTS ABOUT WEATHER CONDITIONS AT PLAINTIFFS PROPERTY**

The Plaintiffs, by and through their counsel, files their Response in Opposition to (105) Defendant's Motion for Summary Judgment That no Genuine Dispute of Fact Exists About Weather Conditions at Plaintiffs Property, respectfully this Court to Deny the Defendant's (105) Motion, and the plaintiffs be excused from the filing of a separate memorandum in support of their response due to the arguments set forth herein and the Plaintiffs' Memorandum filed in opposition to the Defendant's Motion (128) to Strike Ted Biddy Testimony. Plaintiffs have cited numerous other cases in which this Court has allowed Ted Biddy to testify as to the weather conditions at an insured property. See his affidavit attached hereto as Exhibit A concerning some of the cases he has been allowed to testify about the weather conditions at the insured property. Some of the cases are: *Dickinson v. Nationwide Mut. Ins. Co., 1:06cv198-LTS (2008), St. Charles Condo. Homeowner's Ass'n v. Landmark Am. Ins. Co., 1:06cv632-HSO (2007), Kevin and Sherrye Webster v USAA, William and Cynthia Ross v. State Farm Insurance Edward Bossier V. State Farm Insurance.*

In support thereof Plaintiffs would show the Court:

**EXHIBITS**
1. **Exhibit 1**- Affidavit of Ted Biddy dated the 20th day of April, 2010.
2. **Exhibit 2** - Ted Biddy's Forensic Engineering Study of Damages of the Baker Property dated April 11, 2007, given to Nationwide in May, 2007, which showed the

studies, investigations, affidavit of George Sholl, the Jackson County Emergency Communication director, which he personally observed the wind speeds from the two anemometers and wind direction indicators in his office of wind speeds of 137 miles per hour generally out of the east at day break with winds going as high as 150 mph. See his affidavit attached to Biddy report on pages 132 and 133. These anemometers and indicators are located approximately one mile north and 300 yards west of the Baker property. Mr. Biddy as a forensic engineer further used the National Weather Service data and reports, NOAA Report, GeoResources Institute Report, Naval Meteorology & Oceanographic Command Data and etc. to help formulate his opinions and conclusions that winds exceeded 125 mph over the Baker property. The Biddy report that is attached contains 137 pages of his investigation, opinions, and conclusions as to the time of the wind exceeding over 125 mph over the Baker property and how it structurally affected the Baker property.

3. **Exhibit 3** - Partial deposition of Ted Biddy taken on March 1, 2010, but not completed by the defendant thereby not allowing the plaintiffs to ask any questions.

Nationwide has never considered wind factors such as to speed and time in denying the Bakers claims until over four years later and two years after the Biddy report was given to them. Neither Robert Brodie, the adjustor, or Charles Higley the 30(b)(6) representative of Nationwide in their depositions used, considered, and even now cannot give a time or speed sequence of the wind over the Baker property.

Ted Biddy has been allowed to use the similar weather data in calculating the weather factors including wind and its speeds in similar cases as stated above. This same data should be allowed in this case and it now appears that after 4 or 5 years later is attempting to inject for the first time that the wind speeds and the timing of it is something less than what has been established.

"If the evidence is conflicting, the jury is the sole judge of credibility of the witnesses and the weight of their testimony." *Weathersby Chevrolet Co., Inc. v. Redd Pest Control Co., Inc.*, 778 So.2d 130, 133 (Miss. 2001)(citing *In re Estate of Dabney,* 740 So.2d 915, 919 (Miss.1999); *Illinois Cent. R.R. v. Clinton,* 727 So.2d 731, 734 (Miss.Ct.App.1998) (holding that if facts are in

dispute, jury is given authority to resolve them). Genuine issues of material fact exist for the jury to consider regarding the cause of the destruction of the Plaintiffs' home and personal property.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request this Court to Deny Nationwide's (105) Motion for Summary Judgment That no Genuine Dispute of Fact Exists About Weather Conditions at Plaintiffs Property, and grant such other relief, in favor of the Plaintiffs, deemed appropriate by the Court.

Respectfully submitted, this the 26th day of April, 2010,

    Respectfully submitted,
    CHARLES W. AND AMY W. BAKER,
    Plaintiffs

    _/s/ Chuck McRae_____
    CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS 39201
Office: 601.944.1008
Fax: 866.236.7731
email: chuck@msjustice.net

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Janet McMurtray**
**F. Hall Bailey**
**Watkins Ludlam Winter & Stennis, P.A.**
**P.O. Box 427**
**Jackson, MS 39205**
**601-949-4816**
**Fax: 601-949-4804**
**Email: jmcmurtray@watkinsludlam.com**
          **hbailey@watkinsludlam.com**

                                      By: /s/Chuck McRae_____
                                      CHUCK McRAE, MSB #2804
                                      chuck@msjustice.net
                                      416 AMITE STREET
                                      JACKSON, MS  39201
                                      Office: 601.944.1008
                                      Fax: 866.236.7731